UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DUFERCO STEEL, LLC and TREK METALS, INC.** | § | CIVIL ACTION NO. 4:24-cv-2510 |
| Plaintiffs | § | |
| V. | § | |
| | § | |
| **M/V CHIPOL BAOAN, her engines, etc.,** *in rem*, **and ORIENTAL FLEET HLCV 06 LTD, CHINESE-POLISH JOINT STOCK SHIPPING COMPANY,** *in personam* | § | |
| Defendants | § | IN ADMIRALTY |

## ORIGINAL COMPLAINT

Plaintiffs, DUFERCO STEEL, LLC (Duferco) and TREK METALS, INC. (Trek), allege for their complaint against the M/V CHIPOL BAOAN, *in rem*, and ORIENTAL FLEET HLCV 06 LTD and CHINESE-POLISH JOINT STOCK SHIPPING COMPANY *in personam*, the following causes of action which respectfully will be proven by a preponderance of credible evidence.

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. §8, for preservation of *in rem* security for arbitration.

2. Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in the attached Schedule A, and for which bills of lading were issued. Plaintiffs' principal offices and places of business are stated in Schedule A.

3. *In rem* defendant M/V CHIPOL BAOAN (IMO#9509607) loaded a consignment of 367,646MT of prime newly produced ERW Carbon Steel Pipe for Duferco ("Duferco Cargo") at

Subic Port, Philippines on or about April 30, 2023 in Hold No. 2 and carried the Duferco Cargo to Houston, Texas where the Duferco Cargo was discharged fire damaged and with saltwater rust contamination.

4. *In rem* defendant M/V CHIPOL BAOAN (IMO#9509607) loaded consignments of prime newly produced ERW Plain End Tubing for Trek ("Trek Cargo") at Subic Port, Philippines and Muara, Brunei on or about May 2, 2023 and May 7, 2023, respectively, in Hold No. 2 and then carried the Trek Cargo to Houston, Texas where the Trek Cargo was discharged with saltwater rust contamination.  Plaintiff requests that the Court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

5. Defendant ORIENTAL FLEET HLCV 06 LTD had and now has the legal status and offices and places of business stated in Schedule A. They were engaged in business as common carriers of merchandise by water for hire and were the vessel owners and/or operators and controlled the captioned vessel which now is, or will be, within the jurisdiction of this Court or another U.S. court of competent jurisdiction, during the pendency of the action.

6. Defendant CHINESE-POLISH JOINT STOCK SHIPPING COMPANY  had and now has the legal status and offices and places of business stated in Schedule A. They were engaged in business as common carriers of merchandise by water for hire, and were the owners, owners *pro hac vice*, charterers, operators or managers and controlled the captioned vessel which now is, or will be, within the jurisdiction of this Court or another U.S. court of competent jurisdiction, during the pendency of the action.

7. The cargo described in Schedule A was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel not in the same good order and condition as when received, rather, it was delivered by defendants in non-conforming condition and fire damaged and saltwater

rusted due to the fault, neglect, deviation, unseaworthiness, maritime tort and breach of warranty of defendants, their agents and servants.  The Duferco and Trek Cargo was stowed/loaded in the vessel's Hold No. 2, and, at the time of hatch opening, several pipes exhibited evidence of fire damage and heat exposure.  Other pipes exhibited evidence of saltwater rust contamination.

8. Plaintiffs cannot more specifically allege Defendants' acts or omissions constituting negligence.  Accordingly, Plaintiffs invoke and rely upon the doctrine of *res ipsa loquitor* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within the Defendants' control. Moreover, Plaintiffs' surveyors and representatives were prohibited from attending onboard the vessel during discharge to observe and photograph the condition of the cargo in Hold No. 2 while *in situ* aboard the vessel and to inspect the hold.  When questioned about the cause of the fire damage, vessel's Chief Officer said, "he could not comment."

9. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action

10. Plaintiffs have duly performed all duties and obligations on their parts to be performed. The subject cargoes were discharged at Houston on or about July 9, 2023.  The bills of lading issued by or on behalf of defendants provide at clause 3:  "The carrier, its servants, agents and the vessel shall in any case be discharged from all liabilities whatsoever under this bill of lading unless suit is brought within one year after the delivery of the Goods or the date when the Goods should have been delivered."  Plaintiffs have complied by filing suit within a year of discharge.

11. Plaintiff Duferco's damages total at least $523,655.38 for the Duferco Cargo for which demand has been made but not paid.  Plaintiff Trek's damages total at least $515,279.62 for the Trek Cargo for which demand has been made but not paid.  Plaintiffs incurred loss to cure, clean,

3

sandblast and repaint some of the damaged pipes and for loss resulting from salvage sale for fire and saltwater damaged pipes, along with additional survey expenses and transportation costs for the damaged pipe.

12. Plaintiffs demand recovery from defendants, jointly and severally.

Wherefore, Plaintiffs demand that summons issue against defendants in proper form; that judgment be entered in their favor in an amount exceeding **$1,038,095** plus interest and the costs and disbursements of this action; that process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction issue against the captioned vessel, her engines, etc., and that all persons having or claiming an interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court pronounce judgment in favor of Plaintiffs for their damages together with interest, costs and disbursements, and the captioned vessel be condemned and sold in satisfaction, and that this Honorable Court grant Plaintiffs such other and further relief which is just and proper.

Respectfully submitted,

W. SEAN O'NEIL, ATTORNEY AT LAW

*/s/ W. Sean O'Neil*
W. Sean O'Neil
Attorney-in-Charge
Texas State Bar No. 24033807
Fed. Id. No. 24835
2000 S. Dairy Ashford St., Suite 348
Houston, Texas 77077
Telephone:     (281) 496-0193
Telefax:           (281) 496-0680
Email:              wsoneil@wsolaw.com
***ATTORNEY FOR PLAINTIFFS***

# SCHEDULE A
## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Duferco Steel, LLC** (Duferco), is a Delaware corporation with an office and place of business located at 800 Gessner Road, Suite 1150, Houston, Texas 77024.

Plaintiff, **Trek Metals, Inc.** (Trek), is a Texas corporation with an office and place of business located at 5221 N. O'Connor Blvd., Suite 750, Irving, Texas 75039.

**M/V CHIPOL BAOAN** (IMO 9509607) was at all material times a general cargo ship sailing under the flag of Liberia. She was built in 2009; her call sign is A8TV8, and gross tonnage 22863.

Defendant, **Oriental Fleet HLCV 06 Ltd.** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service can be made, and thus may be served through F.R.C.P 4(k)(2), or through the Secretary of the State of Texas under the Texas Long-Arm statute, Tex. Civ. Prac. & Rem. Code §17.044 *et seq*., at its office address as follows:

> c/o Shanghai CP International Ship Management & Broker Co. Ltd.
> 39, Lane 118, Yonghe Lu, Zhabei Qu
> Shanghai, 200072, CHINA

Defendant, **Chinese-Polish Joint Stock Shipping Company** (Chipolbrok), IMO 0603081, was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service can be made, and thus may be served through F.R.C.P 4(k)(2), or through the Secretary of the State of Texas under the Texas Long-Arm statute, Tex. Civ. Prac. & Rem. Code §17.044 *et seq*., at its office address as follows:

> 26th-34th Floors, Gongshanglian Building   or   c/o Chipolbrok America, Inc.
> 55, Yan'an Donglu, Huangpu Qu,                     16945 Northchase Drive, Suite 2300
> Shanghai, 200002, CHINA                                  Houston, Texas 77060

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V CHIPOL BAOAN (IMO#9509607) |
| Port of Shipment: | SUBIC PORT, PHILLIPINES on or about April 30, 2023 and MUARA, BRUNEI on or about May 7, 2023 |
| Ports of Discharge: | HOUSTON, TEXAS on or about July 9-13, 2023 |
| Bills of Lading: | CPJQBA25SUBHOU13, CPJQBA25SUBHOU01 to 09, and CPJQBA25SUBHOU01 to 11 |
| Description of Cargo: | Prime ERW Carbon Steel Pipe and Plain End Tubing |
| Nature of Loss or Damage: | FIRE DAMAGE AND SALTWATER RUST |
| AMOUNT: | $1,038,095.00 |